*LANDRY & AL.* vs. *PEYTAVIN & AL.*

Eastern Dist.
*July*, 1828.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The defendants (contractors for building a state-house at Donaldsonville, and his surety) resist the demand of the commissioners for the sum of $20,000, the penalty stipulated in the contract, in case the work was not completed within eighteen months, on several grounds; the principal of which is, that the progress of the work was arrested by the failure of the state in paying most of the warrants furnished him by the commissioners. There was a verdict and judgment against him. He made a vain attempt to obtain a new trial, and appealed.

The contract was signed on the 15th of June, 1825. It stipulated the work should be finished in eighteen months, which expired on the 15th December, 1826; and the present suit was instituted on the 26th of April following—a little more than four months after the period fixed for the completion of the work.

The price was $26,500, payable partly in advance, partly as the work progressed, and the balance at its completion; a very trifling

*The state cannot claim the penalty stipulated, in case a building is not completed in a given day, if the warrants on the treasury, given to the contractor, be not paid, and he is thereby disabled from procuring materials and workmen.*

Eastern Dist.
July, 1828.

LANDRY &
AL.
vs
PEYTAVIN &
AL.

part, (about $900,) in cash, the rest in warrants on the treasury.

The plaintiffs proved payments, in cash and warrants, to the amount of $20,250: the balance, $6250 not being payable till the completion of the work.

Colomb, a witness for the plaintiffs, deposes that the work was commenced on a part of the lot on which it stands. In April last, on the inception of the suit, the work was nearly half finished. It was not completed at the time of the trial.

On his cross-examination, this witness, who is the architect, deposed that, previous to the month of April, he furnished his certificate to the contractor, that the work was nearly (environ) half finished. He cannot say exactly what was the height of the building, when the site of it was changed.

Combs, a witness for the plaintiffs, deposed that the work was not complete, according to contract, at the time of trial.

Leon, a witness for the defendants, deposed that, when the site of the building was changed, the walls were about fourteen or fifteen bricks in height. The contractor has about 115,000 bricks ready, which will suffice to complete the building. Some lime is wanting.

The mason's work to be done is worth from $500 to $600. He thinks the building could have been finished in 18 months, had the materials been on the spot. He was employed by the contractor, and would have completed the work in time if the materials could have been furnished.

Eastern Dist,
*July*, 1828.

LANDRY &
AL.
*vs.*
PEYTAVIN &
AL.

Randall, one of the commissioners, who did not join in the suit, and was examined by the defendants, deposed that the site of the building was changed at the suggestion of the commissioners, who found that a gulley was running thro' a part of the foundation. There was no allowance made to the contractor for the change: he did not demand one.

Sanot, deposed he has seen the timber the contractor has ready for the building, but cannot say whether it will suffice.

Comes, deposed that he believes the timber sufficient.

The treasurer of the state, examined by the defendants, deposed that, towards the latter part of June, 1827, he replied to the enquiry of the contractor, whether one of the warrants of the commissioners would be paid, that it would not, as it had been deposited in the Louisiana state bank; and because the attorney-general

Eastern Dist.
July, 1828.

LANDRY &
AL.
vs,
PEYTAVIN &
AL.
had advised payment should be withheld, as the contractor was sued. The deponent, being asked whether he would pay the other warrants of the commissioners, replied he would, provided he had the funds appropriated to their payment.

The treasurer further deposed, that the fourth warrant, which was for $4000, issued the 1st of June, was discharged by several partial payments, viz: 1000 on the 17th February, 1826; 1500 on the 4th of May; 1000 on the 5th of June, and 1700 on the 20th of June. The 7th of 1500 dollars, issued on the 20th of October, 1826, was not paid till the 28th of June following; the 8th of 1500, issued the 16th of October, 1826, was not paid till the 12th of March, 1827.

Arceuil, deposes that, at the end of 1825 and in the beginning of 1826, he presented a number of the commissioners' warrants to the treasurer, on behalf of the contractor. A few of them were punctually paid; another was paid in part, at different delays; and the payment of the rest was so long withheld, that the contractor authorised the deponent to dispose of them at a heavy discount; but this could not be effected, so that the contractor issued

his own note to pay for the materials he had

bought for the state-house.

From the evidence before us, it results, that the contractor, at the inception, had delayed the completion of the work he had engaged to perform, about four months and a half.

That the state had become indebted to him, and he had received cash and warrants for 20,250 dollars, 8050 of which had been punctually paid; and that in the payment of the remaining 12,200 dollars, he had been delayed for an averaged period of some three to six months, (one-third of the time he had taken to complete the work.) The warrant of 4000 dollars having been delayed six months; that of 5200 from eight to twelve months; and the two last, for 3000, six months; during which, more than one half of the funds he was entitled to receive, were kept back.

It is urged that the contract spoke of payments to be made in cash, and others in warrants on the treasury; and the contractor, as to the warrants, took his chance in regard to the state of the treasury. To this it is replied that the cash payments were only 900 dollars, not four per cent. on the price; that the payments stipulated for during the progress of the

Eastern Dist.
July, 1828.

LANDRY &
AL.
vs.
PEYTAVIN &
AL.
work, were evidently intended to enable the contractor to procure materials and pay his hands; and on stipulating that warrants on the state treasury should be delivered him, he must be understood to have stipulated that such warrants must be paid.

The commissioners have at least manifested their zeal for the interest of the state. Ours is the more august function of displaying her justice, and extending her protection to the humblest individual prosecuted by her officers, when their zeal leads them beyond the bounds of moderation.

We think the contractor has clearly shewn that his activity has been checked, and his progress arrested, by the detention of the means he had calculated upon for the performance of his contract. In such a case the law is, that as the creditor has, by his own failure, prevented the debtor from complying with his engagement, the penalty is not recoverable *ff.* 1, 45. 122, *s.* 3; *Hulot,* 52; 9 *Merlin's repertory*, 228, 229 *Yerby; Peine contractuelle.*—If any improper delay should thereafter occur in the completion of the work, the defendant, tho' free from the penalty, will be responsible for the damages.

It is therefore ordered, adjudged, and de-creed that the judgment of the district court be annulled, avoided and reversed; and that ours be for the defendant.

Eastern Dist.
*July*, 1828.

LANDRY &
AL.
*vs.*
PAYTEVIN &
AL.

*Porter* for the appellees—*Moreau* for the appellant.